# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

November 2, 2021

**Via Electronic Filing**

**PLEASE READ THIS DOCUMENT IN ITS ENTIRETY**

| | |
|---|---|
| **Michael James Enroughty, Esquire** | **John Thomas Troost, Esquire** |
| Rapid Financial Services, LLC | Shulman Rogers Gandal Pordy & Ecker, P.A |
| 4500 East West Highway, 6th Floor | 12505 Park Potomac Avenue, 6th Floor |
| Bethesda, MD 20814 | Potomac, MD 20854 |
| michaelenroughty@rapidfinance.com | jtroost@shulmanrogers.com |

Re: *Small Business Financial Solutions, LLC v. JMA Services, Inc., et al*
Civil Action No. 8:21-cv-02283-PWG

Dear Counsel:

Per our conference call on October 26, 2021, I am requesting that counsel submit to me an **ex parte** letter so that I can better understand your respective positions regarding settlement of this matter. Your letters are due by no later than **Tuesday, November 30, 2021,** and shall be submitted **only** via email to my Chambers: MDD_GLSChambers@mdd.uscourts.gov.

Your letters should be short (not to exceed **5** single-spaced pages). The letters shall candidly set forth the following:

(1) facts that you believe that you can prove at trial;

(2) the major weaknesses in each side's case, both factual and legal;

(3) reference to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement (please include a copy of the motion(s) or the docket number(s) associated with the motions);

(4) an evaluation of the maximum and minimum damage awards you believe likely, and the amount of any existing liens;

(5) to the extent that it applies, an itemization of all damages;

(6) if your client will take the position in settlement discussions that a lack of financial

resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgages or liens, and recent income tax information. Documentation supporting the contentions in the summary should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the <u>ex parte</u> letter for the Court's review;

(7) the history of any settlement negotiations to date;

(8) estimate of attorneys' fees and costs of litigation through trial; and

(9) the name and title of the individual(s) who will be attending the conference.[1]

The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review select pleadings in the court file. In addition, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter by email. Should your ex parte submission <u>exceed a total of 25 pages</u>, a <u>paper copy</u> should be mailed or hand delivered to Chambers by no later than **3 business days** after the above deadline for submissions via email. Delivery confirmation should be sent to Chambers.

After reviewing your letters, my staff will be in touch with you about setting up ex parte calls with each of you for a future date.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing your letters by no later than **November 30, 2021.**

Sincerely yours,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

---

[1] Typically, it is most productive if only the parties to the case attend the settlement conference. If you believe it to be necessary that a non-party (including a family member) attend along with your client, you must clear that request with the Court <u>before</u> the settlement conference. You should also notify the other party of your request.