IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SMALL BUSINESS FINANCIAL
SOLUTIONS, LLC                          :

    v.                                  :    Civil Action No. DKC 21-2283

                                        :

JMA SERVICES, INC., et al.              :

                                        :

**MEMORANDUM OPINION**

This breach of contract case was removed from the Circuit Court for Montgomery County by Defendant Jacob Lichter, with the consent of Defendant JMA Services, Inc., on the basis of diversity of citizenship.  Defendants contended that they, citizens of New York, are diverse from Plaintiff Small Business Financial Solutions, LLC whose members are citizens of several states besides New York and whose principal place of business is in Maryland.[1]  They also asserted that there was more than $75,000 in controversy, despite the fact that the complaint seeks only $66,580.56.  Plaintiff has moved to remand, contending that the amount in

---

[1] Plaintiff has filed a motion to seal its member list.  (ECF No. 38).  Plaintiff has filed its member list under seal and has filed publicly a version of the list that redacts the names of the individual members but leaves visible the state of citizenship of each member.  Plaintiff argues that sealing is necessary to protect confidential business information related to its ownership structure and that filing a redacted version publicly is the least restrictive means of protecting this interest.  Defendants have not opposed the motion to seal the member list.  The motion will be granted.

controversy is insufficient.   (ECF No. 29).   For the following

reasons, the motion to remand will be granted.

Under 28 U.S.C. § 1441, a civil action brought in state court

may be removed to federal court if the action is within the scope

of a federal court's original jurisdiction.   One possible basis

for federal court jurisdiction is diversity of citizenship.   As

applicable here, the requirements for diversity jurisdiction are

that the parties be citizens of different states and that there be

more than $75,000 in controversy.   28 U.S.C. § 1332(a).

Section 1332 "does not provide further guidance on how to

determine the amount in controversy," but "other statutory

provisions do."   *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of*

*Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37

F.4th 1053, 1056 (5th Cir. 2022).   Most relevant here is

§ 1446(c)(2), which provides:

> (2) If removal of a civil action is sought on
> the basis of the jurisdiction conferred by
> section 1332(a), *the sum demanded in good*
> *faith in the initial pleading shall be deemed*
> *to be the amount in controversy,* except that—
> (A) the notice of removal may assert the
> amount in controversy if the initial pleading
> seeks—
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice
> either does not permit demand for a specific
> sum or permits recovery of damages in excess
> of the amount demanded; and
> (B) removal of the action is proper on the
> basis of an amount in controversy asserted
> under subparagraph (A) if the district court
> finds, by the preponderance of the evidence,

> that the amount in controversy exceeds the
> amount specified in section 1332(a).

28 U.S.C. § 1446(c) (emphasis added).[2]

Thus, the "general rule" in cases removed on diversity grounds is that the amount in controversy is the "the sum demanded in good faith in the initial pleading." *Durbois*, 47 F.4th at 1056 (quoting § 1446(c)(2)). However, the amount in controversy claimed in the notice of removal may control in two situations: (i) where "the plaintiff's operative state-court pleading at the time of removal seeks nonmonetary relief," and (ii) where "that pleading seeks a money judgment, and the State 'does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.'" *Id.* (quoting § 1446(c)(2)(A)).

Plaintiff's complaint explicitly seeks less than $75,000 in damages. This demand, if in good faith, is deemed to be the amount in controversy unless one of the exceptions applies. Because the complaint "seeks a money judgment," the question is whether Maryland practice either "does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." § 1446(c)(2)(A)).

---

[2] Defendants' argument that their counterclaims should be considered when determining the amount in controversy is foreclosed by the plain text of § 1446(c), which refers repeatedly to the "initial pleading." *See Lett v. Hawkins*, 518 F.Supp.3d 891, 894-95 (D.S.C. 2021).

It does not.   Rather, "Maryland case law has uniformly treated" the damages sought in the complaint "as a limitation on recovery."  *See Falcinelli v. Cardascia*, 339 Md. 414, 423 (1995). Indeed, "the recovery, if any, by the plaintiff cannot exceed in nature or amount either the damage proved or the sum claimed in the ad damnum, whichever is the lesser."  *Scher v. Altomare*, 278 Md. 440, 442 (1976); *see also Bijou v. Young-Battle*, 185 Md.App. 268, 290-91 (2009) ("[A]s a general rule, a circuit court, in the absence of an amendment to the ad damnum, commits error by not reducing the judgment to the amount of the ad damnum when the defendant moves for remittitur that directly attacks that part of the judgment in excess of the ad damnum.").[3]

---

[3] Maryland courts may permit post-verdict amendments to complaints.  Maryland Rule 2-341(b) governs amendment of pleadings with leave of court.  A Committee Note states: "The court may grant leave to amend the amount sought in a demand for a money judgment after a jury verdict is returned."  *Id.* (citing *Falcinelli v. Cardascia*, 339 Md. 414 (1995)); *see also Gallagher v. Fed. Signal Corp.*, 524 F.Supp.2d 724, 728 (D.Md. 2007) (stating that Maryland Rule 2-341(b) allows a plaintiff "to seek leave to amend his complaint to reflect a higher ad damnum amount in the event that a jury awards more than" the amount demanded in the complaint).

Critically, however, "[p]ermission to amend the ad damnum clause is discretionary, . . . and there is no requirement that the court permit an amendment."  *Gallagher*, 524 F.Supp.2d at 728. Thus, if a plaintiff deliberately requests damages of a sum short of $75,000 to avoid removal to federal court, such a plaintiff acts at his or her peril if damages in excess of that sum are awarded because a Maryland court is not required to permit amendment of the ad damnum clause.  Because "it is not Maryland's practice automatically to permit recovery of damages in excess of the amount demanded," in contrast to other states' practices, Maryland practice does not fall within the reach of §

Multiple courts in this district—including the undersigned—have held that cases removed from Maryland state courts do not satisfy the § 1446(c)(2)(A)(ii) exception. *See, e.g.*, *Osia v. Rent-a-Ctr., Inc.*, No. DKC-15-1200, 2015 WL 3932416, at *4 (D.Md. June 25, 2015) ("[Maryland] practice *permits* demand for a specific sum; indeed, Maryland *requires* that a demand for a money judgment that does not exceed $75,000 include the amount of damages sought."); *Goff v. Caliber Home Loans, Inc.*, No. ELH-20-2038, 2020 WL 6204299, at *14-15 (D.Md. Oct. 21, 2020); *Ritterstein v. IAP Worldwide Servs., Inc.*, No. RDB-18-2377, 2018 WL 4914199, at *2 (D.Md. Oct. 10, 2018); *Brennan v. Stevenson*, No. JKB-15-2931, 2015 WL 7454109, at *2 (D.Md. Nov. 24, 2015).

Accordingly, removal was improper, and the case will be remanded.

_____
/s/
DEBORAH K. CHASANOW
United States District Judge

---

1446(c)(2)(A)(ii). *Osia v. Rent-a-Ctr.*, No. DKC-15-1200, 2015 WL 3932416, at *4 (D.Md. June 25, 2015) (internal quotation marks omitted) (collecting federal district court decisions that discuss the practices of other states, under which judgments greater than the amount demanded have been affirmed by appellate courts).